Paul H. Duvall (CA State Bar # 73699)
pduvall@kingballow.com
KING & BALLOW
9404 Genesee Avenue; Suite 340
La Jolla, CA 92037-1355
858/597-6000 Facsimile: 858/597-6008

Attorney for Defendant Integra Software Systems, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**WHOLESALE AMERICA MORTGAGE, INC. dba California Financial Group,**

**Plaintiff,**

**v.**

**INTEGRA SOFTWARE SYSTEMS, LLC, and DOES 1-50, inclusive,**

**Defendant**

**Case No. C08-02720 MMC**

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

***(Fed. R. Civ. P. 12(b)(3))***

**DATE: July 18, 2008**
**TIME: 9:00 a.m.**

**HONORABLE MAXINE M. CHESNEY; COURTROOM 7; 19TH FLOOR; 450 GOLDEN GATE AVENUE; SAN FRANCISCO, CA 94102**

TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on July 18, 2008, at 9:00 a.m. before the Honorable Maxine Chesney in Courtroom 7, located at 450 Golden Gate Avenue; San Francisco,

California, Defendant Integra Software Systems ("INTEGRA") respectfully will and does move that this case be dismissed.

INTEGRA requests that, pursuant to Federal Rules of Civil Procedure 12(b)(3), the Court dismiss the case for improper venue because Plaintiff Wholesale America Mortgage, Inc.'s ("WHOLESALE") selection of venue violates the forum selection clause in the contract signed by the parties.

**MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT**

**Issue**

Whether the mandatory forum selection clause contained in the parties' contract should be enforced.

**Summary**

Wholesale America Mortgage, Inc. ("WHOLESALE") and INTEGRA signed a contract for a software license. The contract contained a forum selection clause. Despite the language of that clause stating that any lawsuit arising out of the contract "may only be brought in the courts of applicable jurisdiction in Davidson County, TN," Plaintiff filed the case in California. This case should be dismissed because Plaintiff selected the wrong forum.

Contractual forum selection clauses are treated as prima facie valid unless an objecting party can show their enforcement would be "unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Moreover, if the venue "is specified with mandatory language the clause will be

enforced." *Docksider Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). The clause at issue in this case makes it mandatory to bring a cause of action in a court in Davidson County, Tennessee, not Alameda County, California.

**Statement of Facts**

Wholesale does business as the California Financial Group, and is a California corporation in the mortgage lending business. (Complaint ¶ 1, See Exhibit A to Duvall Declaration.) Integra is a Tennessee corporation and creates custom software for corporations in the mortgage lending business. (*Id.* ¶ 2). In May 2007, Wholesale and Integra entered into a Software Licensing Agreement ("the Agreement"). In the Agreement, Wholesale paid Integra to create custom software for Wholesale to use in its mortgage lending business. (*Id.* ¶ 5)

On May 1, 2008, a year after signing the Agreement, Wholesale filed suit against Integra for breach of contract in the Superior Court of California for Alameda County. A copy of the Agreement is attached as Exhibit 1 to Wholesale's Complaint. (See Exhibit A to Duvall Declaration.) Section 19.1 of the Agreement, provides: "This Agreement shall be construed pursuant to substantive law of the State of Tennessee." Moreover, in Section 19.19 of the Agreement, the parties agreed that a cause of action related to the Agreement must be brought in a court in Davidson County Tennessee. [1] On May 30, 2008, Integra removed the case to this Court.

---

[1] Section 19.19 of the Agreement states: **Exclusive Jurisdiction and Venue.** Any cause of action arising out of or related to this Agreement, including an action to confirm or challenge an arbitration award, may only be brought in the courts of applicable jurisdiction in Davidson County, TN at King & Ballow in Nashville, and the parties hereby submit to

## Argument and Authorities

**A. A motion to dismiss pursuant to Rule 12(b)(3) is the appropriate procedure to follow when a plaintiff has not followed a forum selection clause.**

When a plaintiff files a case in a forum other than the forum selected by the parties in their contract, the defendant may enforce the forum selection clause by filing a motion to dismiss for improper venue. Last year, in *Frigate Ltd. v. Damia*, Judge Breyer of the Northern District ruled that a court must treat a motion to dismiss pursuant to a contractual forum selection clause as a Rule 12(b)(3) motion to dismiss for improper venue. *See Frigate Ltd. v. Damia*, 2007 U.S. Dist. LEXIS 5902 at *6 (N.D. Cal. Jan. 12, 2007, attached as Exhibit B to Duvall Declaration.) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). Therefore, because Integra seeks dismissal pursuant to the forum selection clause, Integra's Rule 12(b)(3) motion to dismiss is the proper procedural method to enforce the forum selection clause.

**B. Forum selection clauses are presumed valid.**

In *Bremen v. Zapata,* the United States Supreme Court held that forum selection clauses should be treated as prima facie valid and should be enforced unless an objecting party can show enforcement would be "unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Moreover, in *Docksider v. Sea Technology,* the Ninth Circuit held "where venue is specified with mandatory language the clause will be enforced." *Docksider Ltd. v. Sea*

---

the jurisdiction and venue of such courts. (The superfluous reference to Integra's law firm in this clause would not invalidate or even confuse the clear intent of this provision because King & Ballow obviously has no "courts").

*Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). Additionally, this Court has stated that there is a presumption in favor of enforcing forum selection clauses. *See Frigate*, 2007 U.S. Dist. LEXIS 5902, at *6 (citing *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1355 (9th Cir. 1990)). Finally, the Ninth Circuit has held that, unless a plaintiff can show that enforcement of a forum selection clause would be unreasonable under the circumstances, it will be enforced. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).

**C. The forum selection clause in this case is reasonable.**

**1. The facts of the *Soil Shield v. Lilly* case.**

The facts of this case are strikingly similar to the facts in *Soil Shield Int'l v. Lilly Indus.*, 1998 U.S. Dist. LEXIS 8002 (N.D. Cal. May 26, 1998 attached as Exhibit C to Duvall Declaration.). In *Soil Shield v. Lilly*, the agreement between Plaintiff Soil Shield and Defendant Lilly contained a clause designating Michigan federal or state court as the appropriate forum for disputes. According to the agreement, Lilly was to purchase certain assets from Soil Shield. At some point, the business relationship soured, and Soil Shield sued Lilly for breach of contract in California state court. Lilly removed the case to this Court and moved to dismiss under Rule 12(b)(3) for improper venue. Soil Shield offered several arguments to oppose the dismissal motion. First, it claimed that Lilly had waived its right to object to venue when it removed the case to federal court. Nonetheless, Judge Conti held as a matter of law that a

defendant does not waive an objection to venue by removing a case to federal court. *Id.*, at *6.

Next, Soil Shield argued against the enforcement of the forum selection clause because of Lilly's alleged malicious and willful breach of the agreement. This breach, according to Soil Shield, would make it unreasonable to enforce the clause. *Id.* If they could defend their actions in the forum of their choice, Soil Shield alleged that Lilly would be able to benefit from their malicious breach. The Court replied that a "forum selection clause is not a substantive promise whose performance can be excused if one party breaches." *Id.* Judge Conti reasoned that Soil Shield had failed to show the agreement was the product of fraud or overreaching or that enforcing the clause would be such a serious inconvenience it would deprive Soil Shield of its day in court. *Id.*

Finally, the Court noted that enforcement of the clause would not be against public policy, because an alleged breach of contract is not enough to show enforcement of a forum selection clause violates public policy. *Id.* After ruling the clause enforceable, Judge Conti denied Soil Shield's request to defer a decision on venue until trial, because it could find no "unresolved factual issues regarding venue," and granted Lilly's motion to dismiss. *Id.*

**2. The facts of this case are similar to the *Soil Shield v. Lilly* case.**

As with the plaintiff in *Soil Shield*, Wholesale sued Integra for breach of contract in California state court. Also, like the defendant Lilly, Integra removed the

action to this Court and is filing a Rule 12(b)(3) motion to dismiss for improper venue. Also as with *Soil Shield,* the agreement between Wholesale and Integra has a forum selection clause. The language of the forum selection clause in this case is as specific and mandatory as it was with the Michigan forum selection clause in the *Soil Shield* case. Further like Lilly, Wholesale makes no allegation in its complaint that the Agreement was the result of undue influence or overreaching.

According to the Ninth Circuit, a forum selection clause is unreasonable if: (1) its inclusion in the contract was the result of undue influence, fraud or over-reaching; or (2) the selected forum is so inconvenient that the complaining party will for all practical purposes be denied its day in court; or (3) enforcement would violate a strong public policy. *Argueta,* 87 F.3d at 325. As with the *Soil Shield* case, there is nothing indicating enforcement of the clause will deny Wholesale its day in court. Finally, as in the *Soil Shield* case, there is nothing other than the alleged breach that could be used to show enforcement would violate a strong public policy.

As Judge Conti opined in *Soil Shield,* such facts are not enough to overcome the parties' own agreement as to venue. Although Wholesale attached a copy of the Agreement to the Complaint which contains the clear and unambiguous forum selection clause, Wholesale never alleges or even suggests any facts that would limit the enforcement of this clause. Therefore, this Court should grant Integra's motion to dismiss for improper venue.

///

## Conclusion

This Court should dismiss this case for improper venue because there is a contractual forum selection clause, and the language of the clause is specific and mandatory. Enforcement of the clause would not be unreasonable because the Agreement was not the result of undue influence or overreaching. Litigating this dispute in Tennessee will not deny Wholesale its day in court, or violate public policy.

DATED: June 5, 2008

KING & BALLOW

/s/ Paul H. Duvall
Paul H. Duvall (CA State Bar # 73699)
9404 Genesee Avenue; Suite 340
La Jolla, CA 92037-1355
Telephone: 858/597-6000
Facsimile: 858/597-6008
pduvall@kingballow.com
*Attorney for Defendant*

PROOF OF SERVICE BY MAIL

I, Sherie Johnson, declare:

1. I am over the age of 18 and not a party to the within cause. I am employed by King & Ballow in the County of San Diego, State of California. My business address is 9404 Genesee Avenue; Suite 340; La Jolla, California 92037.

2. On June 5, 2008, I served a true copy of the attached document entitled **NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** by placing it in a sealed envelope with postage fully prepaid addressed as below and placed said envelope for collection and mailing on that date following ordinary business practices:

Richard T. Bowles, Esq.
Veronica O. Benigno, Esq.
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, CA 94596
Telephone: 925/935-3300; Facsimile: 925/935-0371
Attorneys for Plaintiff; WHOLESALE AMERICA MORTGAGE

3. I am familiar with King & Ballow's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in La Jolla, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and I declare under penalty of perjury that the foregoing is true and correct. Executed on June 5, 2008, at La Jolla, California.

/S/ Sherie Johnson
Sherie Johnson