RICHARD T. BOWLES (#46234)
STEVEN P. MCFARLANE (#240488)
VERONICA O. BENIGNO (#238053)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: rbowles@bowlesverna.com

Attorneys for Plaintiff
Wholesale America Mortgage dba California Financial Group

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHOLESALE AMERICA MORTGAGE, INC. dba CALIFORNIA FINANCIAL GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>INTEGRA SOFTWARE SYSTEMS, LLC, and Does 1-50, inclusive,<br><br>Defendants. | CASE NO.: C08-02720 MMC<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS<br><br>Date: July 18, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 7<br>Judge: Hon. Maxine M. Chesney |

## I. INTRODUCTION

By its Motion, Defendant Integra Software Systems, LLC ("Integra") is seeking to enforce an unusual, unfair, wholly inconvenient, and improper forum selection clause in a contract, which would result in this litigation being moved to Tennessee. The forum selection clause at issue is unenforceable, as it was improperly obtained through overreaching and coercion, it would be utterly unfair and economically punitive to Plaintiff, and public policy militates against enforcement. Plaintiff respectfully requests that this Motion be denied, thereby allowing this case to proceed in an orderly and reasonable fashion.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiff Wholesale America Mortgage, Inc. dba California Financial Group ("CFG") is a California corporation with its principal place of business in Pleasanton, California. Defendant Integra

1
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

Software Systems, LLC ("Integra") is a Tennessee limited liability company that does business in California. Integra's administrative offices are located in the city of Franklin, Tennessee, which is in Williamson County. *See* Declaration of Steven P. McFarlane ("McFarlane Decl.") at Ex. A. Integra also has offices in Brookeville, Maryland, and Santa Clarita, California. *Id.*

Integra is a software company. It affirmatively sought out CFG's business by sending its sales people to California, and pitching its products to CFG. On or about May 17, 2007, without the assistance of or representation by counsel, CFG entered into a 22-page Software Licensing Agreement ("Agreement") with Integra. *See* Declaration of Ronald Perkins ("Perkins Decl.") at ¶3 and Ex. A. The Agreement was prepared by Integra, and presented to CFG for signature. *Id.* Under this contract, Integra promised to build and install custom-tailored Loan Origination System ("LOS") software onto CFG's computer system. *Id.* The work was to be performed in California. *Id.* The Agreement included the following forum selection clause:

> "**Exclusive Jurisdiction and Venue**. Any cause or action arising out of or related to this Agreement … may only be brought in the courts of applicable jurisdiction in Davidson County, TN at King & Ballow in Nashville, and the parties submit to the jurisdiction and venue of such courts."

*See* Paragraph 19.19 of the Agreement, attached to Perkins Decl. as Exhibit A. Notably, the parties never negotiated this term, nor did Integra ever point out the inclusion of this particular section before CFG executed the contract. *See id.* at ¶3.

Thereafter, Integra's project managers performed the assessment, technical build, and installation of the software at CFG's business offices in Pleasanton. *See* Perkins Decl. at ¶4. By the end of August 2007, Integra still had not delivered usable software within the agreed upon budget and time frame. On May 1, 2008, CFG filed suit in the Superior Court of California, Alameda County against Integra alleging breach of contract and fraud. The evidence and percipient witnesses to support these claims are primarily located in California. *Id.* at ¶4. On May 30, 2008 Integra removed the case to this Court based on diversity jurisdiction, and thereafter filed the instant motion to dismiss for improper venue.

//

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

2

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS**

### III. LEGAL ARGUMENT

#### A. THE COURT MUST RESOLVE ALL FACTUAL DISPUTES IN CFG'S FAVOR

Integra's sole ground for dismissal is based on a forum selection clause in the parties' contract. Where, as here, a defendant files "a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *See Murphy v. Schneider Nat'l, Inc.* 362 F.3d 1133, 1138-39 (9th Cir. 2004). Said differently, since the Court must resolve all factual differences in CFG's favor, Integra's motion must be denied if the plaintiff makes a *prima facie* showing of proper venue. *See id.*

#### B. THE FORUM SELECTION CLAUSE IN THE PARTIES' CONTRACT CAN BE DISREGARDED AS IMPROPER, UNFAIR, AND AGAINST PUBLIC POLICY

It is well settled that federal courts will not enforce a contractual forum selection clause if enforcement would be unreasonable under the circumstances or fundamentally unfair. *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). There are three reasons that make enforcement of a forum selection clause unreasonable: 1) if the inclusion of the clause in the agreement was the product of fraud, undue influence, overweening bargaining power, or overreaching; 2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court"; and 3) if enforcement would contravene a strong public policy of the forum in which suit is brought. *See Bremen, supra*, 407 U.S. at 12-13, 15-16; *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998).

#### C. *SOIL SHIELD V. LILLY* IS WHOLLY DISTINGUISHABLE FROM THE CASE AT BAR

To support its Motion, Integra relies exclusively on the case *Soil Shield Int'l v. Lilly Indus.*, 1998 U.S. Dist. LEXIS 8002 (N.D. Cal. May 26, 1998). *Soil Shield* involved an attempt to dismiss a lawsuit filed in California based on a contractual forum selection clause indicating Michigan as the venue of suit. *Id.* at *2-3. The *Soil Shield* case is notably light on both facts and legal analysis, making its applicability to the case at bar dubious. Indeed, the Court dismissed the case based on the fact that the plaintiff "had made no showing" that the forum selection clause was from fraud or overreaching, and that the plaintiff "also offers no evidence" that suing in Michigan would be unduly inconvenient. *Id.* at *6-7.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

3

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS

Conspicuously absent from *Soil Shield* are any facts discussing whether the forum selection clause the contract had been specifically bargained for, whether the parties were represented by counsel during the negotiations, whether the defendant resided in Michigan, or the like. Rather, there was simply "no showing" by the plaintiff of these facts. As is discussed below, the facts at bar are completely different from those in *Soil Shield*, and thus this case is not controlling.

### 1. THE FORUM SELECTION CLAUSE IS UNENFORCEABLE BECAUSE IT IS A RESULT OF COERCION AND OVERREACHING BY INTEGRA

As noted above, a forum selection clause is not enforceable if inclusion of that clause in the contract was the product of undue influence, overreaching, fraud, or coercion. *Bremen, supra*, 407 U.S. at 12-13. Indeed, CFG's Complaint expressly alleges that its consent to the Agreement "was obtained through fraudulent and/or negligent misrepresentations of material fact." *See* Complaint at ¶28. It further alleges that Integra made intentional and negligent misrepresentations of fact in order to induce CFG into entering into the Agreement. *Id.* at ¶¶39 & 47. Essentially, CFG's lawsuit is based, in part, on Integra's ubiquitous and ongoing misrepresentations and fraudulent statements. Similarly, the procedure Integra used to insert the forum selection clause into the Agreement was improper and thus it should not be enforced.

Here, the Agreement was prepared by Integra and presented to CFG. *See* Perkins Decl. at ¶3. Indeed, Integra affirmatively sought out CFG in California, and the work was to be performed in the state as well. *Id.* at ¶4. The Agreement itself is ten pages long of single spaced text, with another 12 pages of exhibits. *Id.* at Ex. A. The forum selection clause is buried at the end of the Agreement, amidst several unrelated clauses. *Id.* at Ex. A., ¶19.19. CFG was not represented by counsel at the time, and did not have the opportunity to have its counsel review the Agreement before its execution. *Id.* at ¶3. Further, the forum selection clause was entered into the contract without CFG's express knowledge and it was not the subject of any bargaining. *Id.* In fact, at no time during the negotiations and prior to signing the Agreement did Integra make CFG aware that a forum selection clause was included in the contract. *Id.* These omissions and concealment of fact are part and parcel of CFG's allegations in this suit. Additionally, Integra affirmatively sought out CFG's business in California, and

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS

the work was to be performed in California. The entire contract and facts underlying this case involved actions that took place in California.

Furthermore, the case of *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991), is instructive. In *Carnival,* two cruise-goers from the State of Washington sought to invalidate a forum selection clause (indicating Florida) that was present in the "form contract" they provided by the cruise line. *Id.* at 587-88. The Supreme Court held that forum selection clauses in form contracts are subject to "judicial scrutiny for fundamental fairness." *Id.* at 595. Part of this scrutiny involves considering whether the forum was selected by one party as a bad faith tactic to discourage the pursuit of legitimate claims. *Id.* The Court went on to point out two relevant considerations when making this analysis: that Carnival's primary place of business was in the selected forum of Florida, and that the customers conceded that they had notice of the forum selection clause. *Id.*

Here, the evidence suggests that the forum selection clause is present for an improper purpose, and to intimidate potential plaintiffs from bringing suit. As noted above, the clause in the Agreement states an action "may <u>only be brought</u> in the courts of applicable jurisdiction in <u>Davidson County, TN</u> <u>at King & Ballow in Nashville</u>, and the parties submit to the jurisdiction and venue of such courts." *See* Perkins Decl. at Ex. A, ¶19.19 (emphasis added). This proffered venue is problematic, improper, and unenforceable for several reasons. First of all, by its very terms, it requires a potential litigant to file suit "at King & Ballow in Nashville." This absurd "venue selection" is simply unenforceable. Certainly, no party can be expected to litigate before a particular law firm. Integra seeks, in a footnote, to dismiss this fact as a "superfluous reference" because King & Ballow "obviously has no 'courts'". *See* Moving Papers at n.1, pp. 3-4. However, the forum selection clause, created by Integra and presented to CFG, asserts that any action must be brought not in a particular location, namely "at King & Ballow in Nashville." King & Ballow are Integra's attorneys—indeed, Integra's present counsel is a member of King & Ballow. Said differently, the contract asserts that all lawsuits must be on the Integra's <u>counsel's</u> "home turf," an apparent attempt to dissuade parties from filing suit.

Even if one were to accept this threatening contractual provision as "superfluous", unlike in *Carnival Cruise Lines*, Integra's offices are **not** located in the selected venue of Davidson County, Tennessee. Rather, the only relevant entity located in the selected county is Integra's <u>lawyers</u>. Indeed,

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

5

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS

Integra is actually located in Williamson County, Tennessee, with other offices in Maryland and California. *See* McFarlane Decl. at Ex. A. This further underscores the illegitimate and tactical purpose of the forum selection clause.

Thus, unlike in *Carnival Cruise*, there is no legitimate reason for Integra to have chosen that particular forum. Likewise, unlike in *Carnival*, CFG was not aware of such a clause present in the Agreement, as it was buried within 22 pages of text, and it did not negotiate this issue. This clause was inserted into the Agreement by Integra, and was not identified, discussed, bargained for, or otherwise. Integra had sought out CFG in California, for work to be performed in California, and yet inserted a forum selection clause requiring actions to take place in Integra's *attorneys'* hometown. As a result, Integra coerced CFG into entering into the Agreement, and "overreached" in attempting to foist their *attorneys'* preferred venue onto CFG. On these facts, any doubt on which must be resolved in favor of CFG (*see Murphy, supra,* 362 F.3d at 1138-39) provide ample evidence that the forum selection clause was obtained by coercion and overreaching, and should not be enforced.

### 2. THE COURT SHOULD NOT ENFORCE THE FORUM SELECTION CLAUSE BECAUSE THE FORUM IDENTIFIED IS GRAVELY DIFFICULT AND INCONVENIENT

The Court should further deny Integra's motion to dismiss because enforcement of Paragraph 19.19 will deprive CFG of a meaningful day in court. As stated in *Bremen*, where the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court," the clause will not be enforced. *See also Pelleport Investors, Inc. v. Budco Quality*, 741 F.2d 273, 281 (9th Cir. 1984).

Here, litigating this case in Davidson County, Tennessee, would be gravely difficult for CFG, and would serve no legitimate purpose. CFG is located in Pleasanton, California. *See* Perkins Decl. at ¶2. It does not have offices or employees in Tennessee. *Id.* Requiring CFG to litigate its case in Tennessee would be extremely inconvenient and cost-prohibitive. *Id.* at ¶5. Indeed, CFG's principals would be forced to fly to Tennessee for court hearings, settlement conferences, and trial. Likewise, the relevant witnesses reside in California, and the conduct complained of occurred in California. *Id.* at ¶5. That is, Integra's employees performed acts at CFG's offices in California, including Integra's so-called "implementation training" at CFG's offices, loading and applying software in CFG's offices, and

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

6

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS

training of CFG employees. These facts are material and vital to the case at hand. The evidence of these facts, such as the documents, computers, and the witnesses who will testify thereto are all located in California. *Id.* at ¶4. The difficulty and expense of transporting this evidence and these witnesses to Nashville, Tennessee, would be completely cost-prohibitive and essentially deprive CFG of its day in Court. *Id.* at ¶5. A party's financial ability to litigate its case in a far-flung and inconvenient forum is, by itself, grounds to refuse to enforce a forum selection clause. *See Murphy, supra*, 362 F.2d at 1141-42.

Furthermore, litigating in the identified forum is completely irrational, as not even Integra is located in Davidson County, Tennessee. While *some* of its offices are located elsewhere in Tennessee, there is no legitimate reason to enforce this venue selection. <u>Indeed, Integra has offices of its own in California.</u> *See* McFarlane Decl. at Ex. A. Thus, weighing the equities clearly indicates that the venue selection clause should not be enforced. Integra has offices in California, and their regular attorneys, King & Ballow have offices in California. The same is not true for CFG in Tennessee. Integra's attempt to force CFG to litigate in a far-flung forum, without a rational basis for doing so, is simply punitive to CFG, and apparently intended to prevent CFG from maintaining its valid lawsuit against Integra.

Again, to the extent that Integra disagrees with the near-impossibility of CFG effectively litigating its case in Davidson County, all doubts must be decided in favor of CFG. Accordingly, CFG requests that the Court not enforce the forum selection clause.

### 3. THE COURT SHOULD NOT ENFORCE THE FORUM SELECTION CLAUSE BECAUSE ENFORCEMENT WILL CONTRAVENE A STRONG PUBLIC POLICY

A court conducting an analysis of the enforceability of a forum-selection clause under *Bremen* and *Carnival Cruise* must take into consideration any strong public policy against the enforcement of those clauses, including the policy of the forum state. The Supreme Court in *Bremen* stated that "[f]orum-selection clauses have historically not been favored in American courts. *Bremen, supra*, 407 U.S. at 9-10. While the Court ultimately determined that these clauses are legally enforceable when reasonable and legitimately bargained for, it pointed out that "[m]any courts, federal and state, have declined to enforce such clauses on the ground that they were "contrary to public policy"…." *Id.*

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

7

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS

Similarly, in California, contractual venue selection clauses are unenforceable. *See, e.g., General Acceptance Corp. v. Robinson*, 207 Cal. 285 (1929); *Arntz Builders v. Superior Court*, 122 Cal.App.4th 1195 (Cal. App. 2004). The California Supreme Court in *General Acceptance* stated:

> The rules to determine what courts and counties action may be brought are fixed upon consideration of general convenience and expediency by general law; to allow them to be changed by the agreement of the parties would disturb the symmetry of the law, and interfere with such convenience. Such contracts might be induced by considerations tending to bring the administration of justice into disrepute.

207 Cal. at 289.

Unlike forum selection clauses which are enforceable, venue deals with "the place where the case will be heard and 'from which the jury will be selected.'" *Arntz Builders, supra,* 122 Cal.App.4th at 1201 (quoting *Alexander v. Superior Court*, 114 Cal.App.4th 723 (2003)). "But it is not for the parties or the courts to set venue. That is the role of the Legislature." *Alexander*, 122 Cal.App.4th at 731. Recent California authority, namely *Alexander v. Superior Court of Santa Clara County* (2003) 114 Cal.App.4th 723, has addressed the State's current state of the law on venue selection clauses in light of *General Acceptance, Bremen* and *Smith*. The *Alexander* Court discusses the differences between forum selection clauses and venue selection clauses, and <u>specifically points out that *General Acceptance* remains good law as it pertains to venue selection clauses</u>. *See* 114 Cal.App.4th at 732 ["*General Acceptance* has survived this 74-year gap in the law and we are bound to follow it."]. This California public policy against parties choosing their own venue is another consideration that weighs against enforcement of the venue selection clause.

Furthermore, California has a strong public policy in enforcing its jurisdiction, regulating unlawful conduct within its borders, enforcing its laws, and permitting CFG to vindicate its rights in Court. *See Stangvik v. Shiley*, 54 Cal. 3d 744, 758 (1991) (identifying policy reasons). Integra has purposely and deliberately availed itself of the protections of the laws of California, regularly does business in California, and has an office in the state as well. It is fair and just for any dispute to be litigated here, and public policy supports that as well. For these reasons, this Motion should be denied.

//

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS

## IV.  CONCLUSION

As is clear from the foregoing, there are a number of reasons why the forum selection clause should not be enforced. Integra relies exclusively on *Soil Shield*, which is wholly distinguishable on its facts. Based on the facts and reasons outlined above, which must be resolved in CFG's favor, it is respectfully requested that this Motion be denied.

Dated: June 27, 2008                                         BOWLES & VERNA LLP


By:   /s/ Steven P. McFarlane
      Richard T. Bowles
      Steven P. McFarlane
      Attorneys for Plaintiff
      Wholesale America Mortgage dba
      California Financial Group

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

9

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INTEGRA SOFTWARE SYSTEM, LLC'S MOTION TO DISMISS**