1  Paul H. Duvall (CA State Bar # 73699)
2  pduvall@kingballow.com
   KING & BALLOW
3  9404 Genesee Avenue; Suite 340
   La Jolla, CA  92037-1355
4  858/597-6000 Facsimile:  858/597-6008
5
6  Attorney for Defendant Integra Software Systems, LLC
7
8                UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHOLESALE AMERICA MORTGAGE, INC. dba California Financial Group, | Case No. C08-02720 MMC |
| Plaintiff, | Declaration of Tim Bartek in Support of Defendant Integra Software Systems, LLC's Motion to Dismiss |
| v. | |
| INTEGRA SOFTWARE SYSTEMS, LLC, and DOES 1-50, inclusive, | Date: July 18, 2008 |
| | Time: 9:00 a.m. |
| Defendant | Place: Courtroom 7 |
| | Judge: Honorable Maxine M. Chesney |

TO: THE COURT AND ALL PARTIES APPEARING OF RECORD:

I, Tim Bartek, declare as follow:

1. I am the Senior Vice President for Sales and Marketing for Integra Software Systems LLC ("Integra").  I have personal knowledge of the facts contained herein and could and would competently testify thereto if called upon to do so.

- 1 -

2.   I am the person at Integra who was primarily responsible for negotiating the Software Licensing Agreement ("Agreement") between Integra and California Financial Group ("CFG").

3. Kevin Bernal was the person at CFG with whom I primarily communicated about the Agreement, although I also spoke to others at CFG, including Ronald Perkins, CFG's president. I delivered the Software Licensing Agreement via email to Kevin Bernal with the original terms on March 24, 2007.

4.   Mr. Bernal, Mr. Perkins and I spoke about the terms of the Agreement on April 20, 2007 and we negotiated a number of changes to the Agreement from what I had originally presented to Mr. Bernal as a proposed agreement. During our communications, I never discouraged anyone at CFG from discussing or negotiating any of the terms of this Agreement, including Section 19.19, which provides that any lawsuit over this Agreement would be filed in Davidson County, Tennessee. In fact, I encouraged CFG to notify me of any desired changes when I initially delivered the agreement to them on March 24, 2007. Although CFG requested a number of changes to the Agreement and we accommodated those changes, it never questioned Section 19.19. During the course of our communications concerning the Agreement, it was obvious to me that CFG had reviewed at least parts of this contract thoroughly. CFG was free to refuse to sign the Agreement if it contained any terms CFG found objectionable. On May 15, 2007, however, Mr. Perkins signed the Agreement on behalf of CFG, as indicated on the signature page of the Agreement.

5. At no time did I ever prohibit or discourage anyone at CFG from consulting with a lawyer about the Agreement. Moreover, given the length of time over which we communicated about the proposed agreement, CFG had more than sufficient time to seek the assistance of an attorney in this matter. Integra was not represented by counsel when it negotiated the Agreement with CFG nor did I ever communicate with an attorney about this proposed agreement. It was my understanding from my discussions with Mr. Bernal that CFG was having legal counsel review the proposed agreement, and that is why it was taking CFG so long to sign the Agreement.

6. There are a number of companies providing mortgage software similar to the work provided by Integra. At least five of these companies are located in California. CFG was under no obligation to enter into any business relationship with Integra. Nor was it required to contract with any company outside of California for mortgage software.

7. I understand that in this lawsuit, CFG is claiming that Integra did not fulfill all of its obligations under the Agreement, and therefore Integra did not provide the software it had agreed to provide. In fact, Integra was fulfilling all of its obligations under the Agreement; however, CFG ceased paying for Integra's services as it was obligated to do under the Agreement. Only after CFG was in breach of its contractual obligation to pay Integra did Integra cease performing its work. CFG owes Integra over $134,000 for services Integra provided to CFG, but for which CFG

has refused to pay. I understand that CFG ceased paying because it simply lacked the funds, because of a loss of its business resulting from the nationwide slowdown in housing sales.

8. In addition to my involvement in Integra's work for CFG, the following Integra employees also worked on this project: Jason Hebert, Mark Gamboa, Rob Sandoz, Nancy Shurson, Lavar McCullough, and Ken Titlebaum. All of these individuals resided and worked in Tennessee. None of them live in California. All of these individuals have information relevant to Integra fulfilling all of its obligations under the Agreement before CFG's breach. Therefore, I expect they would likely be witnesses in this case.

9. Williamson County, Tennessee is contiguous to Davidson County, Tennessee. Nashville is the metropolitan area in which Williamson County exists. Nashville is in Davidson County, Tennessee. The primary airport for this metropolitan area is in Davidson County, making Davidson County a more convenient location for someone traveling to this area than Williamson County.

10. Integra does not have any offices or employees in California. Previously, Integra employed one salesperson who worked out of his home in Santa Clarita, California. However, he left the employment of Integra before I ever sent the proposed agreement to CFG. Since that time, Integra has had no employees or offices in California.

11. If Integra were forced to litigate this case in California, I anticipate that the litigation cost to Integra would be more expensive than the cost to CFG to litigate this case in Tennessee, primarily because prices for most services are lower in Tennessee than in California.

I declare under penalty and perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of July, 2008.

*/s/ Tim Bartek*

Tim Bartek

## PROOF OF SERVICE BY MAIL

I, Heather Rock, declare:

1. I am over the age of 18 and not a party to the within cause. I am employed by King & Ballow in the County of Davidson, State of Tennessee. My business address is 315 Union Street; Suite 1100; Nashville, TN 37201.

2. On July 10, 2008, I served a true copy of the attached document entitled DECLARATION OF TIM BARTEK IN SUPPORT OF DEFENDANT INTEGRA SOFTWARE SYSTEMS, LLC'S MOTION TO DISMISS by placing it in a sealed envelope with postage fully prepaid addressed as below and placed said envelope for collection and mailing on that date following ordinary business practices:

> Richard T. Bowles, Esq.
> Veronica O. Benigno, Esq.
> BOWLES & VERNA LLP
> 2121 N. California Boulevard, Suite 875
> Walnut Creek, CA  94596
> Telephone:  925/935-3300; Facsimile:  925/935-0371
> Attorneys for Plaintiff; WHOLESALE AMERICA MORTGAGE

3. I am familiar with King & Ballow's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Nashville, Tennessee.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and I declare under penalty of perjury that the foregoing is true and correct. Executed on July 10, 2008, at Nashville, TN.

>                                /S/ Heather Rock_____
>                                Heather Rock