Paul H. Duvall (CA State Bar # 73699)
pduvall@kingballow.com
KING & BALLOW
9404 Genesee Avenue; Suite 340
La Jolla, CA  92037-1355
858/597-6000 Facsimile:  858/597-6008

Attorney for Defendant Integra Software Systems, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WHOLESALE AMERICA MORTGAGE, INC. dba California Financial Group,**<br><br>                                  **Plaintiff,**<br><br>v.<br><br>**INTEGRA SOFTWARE SYSTEMS, LLC, and DOES 1-50, inclusive,**<br><br>                                  **Defendant.** | **Case No. C08-02720 MMC**<br><br>**REVISED DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**[1]<br><br>*(Fed. R. Civ. P. 12(b)(3))*<br><br>Date:   July 18, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 7<br>Judge: Honorable Maxine M. Chesney |

---

[1] Revised to add Table of Contents and Table of Authorities.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………iii

I.   INTRODUCTION..……..………………………………………………………………1

II.  ARGUMENT………..……………………………………………….…………………2

    **A.** The Forum Selection Clause Should Be Enforced Because It Is Not The Result Of Fraud Or Overreaching…………………………………..……...2

    **B.** The Forum Selection Clause Should Be Enforced Because It Will Not Deprive CFG Of Its Day in Court…………………….………………6

    **C.** The Forum Selection Clause Should Be Enforced Because It Is Not Against Public Policy………………………………...……………………..10

III. CONCLUSION…...…………………………………………………….……..12

# TABLE OF AUTHORITIES

## CASES

*Argueta v. Banco Mexicano, S.A.*,
87 F.3d 320 (9th Cir. 1996)……………………………………………………….……...1

*Arntz Builders v. Superior Court*,
122 Cal.App.4th 1195, 19 Cal. Rptr. 3d 346 (2005)…………………….…..…9, 10, 11

*Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1, 10, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972)…………..…………1, 3, 6, 7, 10

*Doe v. Network Solutions, LLC*
2008 U.S. Dist. LEXIS 7397 (N.D. Cal. Jan. 22, 2008)……………...………..….…5, 6, 9

*Fischer v. Zespri Fresh Produce N. Am., Inc.*,
2007 U.S. Dist. LEXIS 60563 (E.D. Cal. Aug. 16, 2007)……………….………...10

*Laurel Vill. Bakery LLC v. Global Payments Direct, Inc.*,
2006 U.S. Dist. LEXIS 73663 (N.D. Cal. Sept. 25, 2006)…………….…………1, 2

*Manetti-Farrow v. Gucci America, Inc.*,
858 F.2d 509 (9th Cir. 1988)……………………..…………………….........…10

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004)……………………...……………….…5, 7, 9

*Operating Engineers Pension Trust v. Cecil Backhoe Serv., Inc.*,
795 F.2d 1501 (9th Cir. 1986)……………………………………………………….5

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*,
741 F.2d 273 (9th Cir. 1984)……………………………………………………..6

*Pratt v. Silversea Cruises, Ltd.*,
2005 U.S. Dist. LEXIS 14339 (N.D. Cal. 2005)….………………………..….…1, 7, 9

*Richards v. Lloyd's of London*,
135 F.3d 1289 (9th Cir. 1992)…………………………………………………….1

*Sarmiento v. BMG Entm't*,
326 F. Supp. 2d 1108 (C.D. Cal. 2003)……………………………………..…1, 3, 4

*SeeComm Network Servs. Corp. v. COLT Telcomms,*
2004 U.S. Dist. LEXIS 18049 (N.D. Cal. Sept. 3, 2004)……………...…………2, 3

*Spradlin v. Lear Siegler Management Servs. Co.,*
926 F.2d 865 (9th Cir. 1991)………………………………………..…………2, 3, 4, 5, 6

*Three Bros. Trucking, Inc. v. Exel Global Logistics, Inc.*,
2006 U.S. Dist. LEXIS 33040 (N.D. Cal. May 16, 2006)……………………..………7

*Walker v. Carnival Cruise Lines,*
107 F. Supp. 2d 1135 (N.D. Cal. 2000)……………………………….…………..8

**STATUTES**

28 U.S.C. § 123(b)(1)…………………………………………………….…………9

## I. INTRODUCTION.

Plaintiff's ("CFG") opposition to Integra's motion misstates the law, proffers irrelevant facts, and fixates on inconsequential details. CFG also attempts to create new law and fashion new tests for determining whether a forum selection clause should be enforced. But as this court held in *Laurel Vill. Bakery LLC v. Global Payments Direct, Inc.*, there are only three ways that a Plaintiff can seek to invalidate a forum selection clause. 2006 U.S. Dist. LEXIS 73663 at *9 (N.D. Cal. Sept. 25, 2006). A court can refuse to enforce a forum selection clause if: (1) the clause was included as a result of fraud, undue influence, or overreaching; (2) enforcement of the clause will deprive the opposing party of its day in court because of grave inconvenience or unfairness of the selected forum; or (3) public policy strongly favors resolution in the forum in which the suit is brought. *Id.* at *6. (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1992); *Sarmiento v. BMG Entm't*, 326 F. Supp. 2d 1108 at 1110 (C.D. Cal. 2003)). The Court should enforce the forum selection clause and grant Integra's motion to dismiss because CFG utterly fails to show that the forum selection clause is the result of fraud or undue influence, that enforcing it would result in grave inconvenience or unfairness, or that enforcing it would violate a strong public policy.

## II. ARGUMENT.

Forum selection clauses are prima facie valid. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320 (9th Cir. 1996) (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 32 L. Ed. 2d 513, 92 S. Ct. 1907, 1913 (1972)). CFG bears the "heavy burden" of showing the clause's enforcement would effectively deny it of its day in court. *See Pratt v. Silversea Cruises, Ltd.*, 2005 U.S. Dist. LEXIS 14339, 4-5 (N.D. Cal. 2005) (citing *Argueta*, 87 F.3d at 325).

- 1 -   DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS

### A. The Forum Selection Clause Should Be Enforced Because It Is Not The Result Of Fraud Or Overreaching.

A court can invalidate a forum selection clause if the clause is the result of fraud, undue influence, or overreaching. *See Laurel Vill. Bakery LLC,* 2006 U.S. Dist. LEXIS 73663 at *9. CFG argues that its consent to the forum clause was obtained through fraudulent misrepresentations. As evidence, CFG cites the conclusory allegation it made in its original complaint. As further "proof" of its claim, CFG offers the statement: "Essentially CFG's lawsuit is based, in part, on Integra's ubiquitous and ongoing misrepresentations and fraudulent statements." (Opp. at page 4). Unfortunately for CFG, one has to do more than cite allegations in a complaint and making conclusory statements to prove fraud or overreaching.

In *Spradlin v. Lear Siegler Management Servs. Co*, the 9th Circuit affirmed a decision to enforce a forum selection clause. In *Spradlin*, the plaintiff argued that a contract's forum selection clause should not be enforced because the whole contract was the result of fraud and overreaching and because the defendants never intended to fulfill the contract. 926 F.2d 865, 868 (9th Cir. 1991). Arguments as proof were not enough, and the 9th Circuit affirmed, mentioning that the district court "found that the plaintiff presented no evidence of unreasonableness or fraud except for the conclusory statement that the employment contract, including the forum selection clause, was a product of fraud" and found the defendant had failed to "come forward either here or in the district court with anything beyond the most general and conclusory allegations of fraud and inconvenience." *Id.* As with the plaintiff in *Spradlin*, other than making conclusory statements, CFG has failed to come forward with any proof of fraud.

CFG's arguments go to the merits of the contract as a whole and not to the validity of the forum selection clause. In *SeeComm Network Servs. Corp. v. COLT Telcomms*, SeeComm argued it was fraudulently induced into signing a contract containing a forum selection clause. 2004 U.S. Dist. LEXIS 18049 at *16 (N.D. Cal. Sept. 3, 2004). As proof, SeeComm referred to the Defendant's "voluminous list of

- 2 -    DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

misrepresentations and lies" it used to get SeeComm to sign the agreement, and asserted that the defendant's "pattern of activities . . . leading up to execution" of the agreement," were "patently fraudulent." *Id.* In response, this Court held that "Plaintiff's arguments regarding fraudulent-enticement as to the signing of the EMSA [agreement] have no place in the enforceability analysis for a forum-selection clause under Bremen," and that "Plaintiff's arguments go to the validity of the contract as a whole, the merits of the case, rather than the incorporation of the Clause into the EMSA [agreement] as discussed in Bremen." *Id.* at *17. CFG's arguments go to the merits of the contract and its validity on the whole, as with the plaintiff in *SeeComm*, and have no business in the "enforceability analysis" of the forum selection clause.

In addition to claiming it signed the contract as a result of fraud, CFG also claims it signed the contract because of Integra's undue influence and overreaching. In an effort to prove this to the Court, Plaintiff makes a series of irrelevant claims such as Integra "sought them out in California" and the agreement was "ten pages long" and had "twelve" whole pages of exhibits. (Opp. at 4). CFG also contends the forum selection clause was "buried at the end" of this massive ten page document. *Id.* at 4. CFG also claims it "did not have the opportunity to have its counsel review the Agreement before its execution." *Id.* at 4. This argument fails because the contract was the product of nearly a month's worth of negotiations before it was signed, and at no time did Integra discourage CFG from seeking review of counsel. (Bartek Decl. at 2). CFG relies heavily on the fact that it was not represented by counsel "at that time," but Integra was not represented by counsel during the contract negotiations either. *Id.* at 3. CFG makes only conclusory allegations of fraud and inconvenience.

As the 9th Circuit held in *Sarmiento v. BMG Entm't*, when addressing whether to enforce a contract's forum selection clause, **"**[the] Ninth Circuit has held that if the resisting party fails to come forward with anything beyond general and conclusory allegations of fraud and inconvenience, the court must uphold the agreement." 326 F. Supp. 2d 1108, 1111 (C.D. Cal. 2003) (citing *Spradlin v. Lear Siegler Management*

*Servs. Co.,* 926 F.2d 865, 868 (9th Cir. Cal. 1991). Sarmiento was an executive in a recording company whose primary language was Spanish. After being fired, Sarmiento brought suit against BMG. Their employment agreement contained a forum selection clause naming New York as the forum. In addition to making what the court called broad and conclusory allegations of unequal bargaining power and undue influence, Sarmiento claimed he could not understand the forum selection clause because it was written in English. The court upheld the forum selection clause, holding "the Court must uphold the agreement if the resisting party fails to come forward with anything beyond the most general and conclusory allegations of fraud and inconvenience. As Defendant BMG asserts, Sarmiento has failed to show that BMG rushed him, pressured him, or in any way used undue influence or overweening bargaining power to force him to sign..." *Id.* (citing defendant's Reply at 7; *Spradlin,* 926 F.2d at 868)). Unlike the executive in the Sarmiento case, CFG speaks and reads English. Like the executive in the Sarmiento case, CFG has made only general and conclusory allegations of fraud and has failed to show Integra rushed him, pressured him, or used undue influence or overweening bargaining power to induce him to sign. CFG's conclusory allegations are further weakened by the fact that it negotiated over the contract with Integra for over a month before signing, and had ample opportunity to seek review by counsel. (Bartek Decl. at 5).

Similarly, CFG also claims the forum selection clause was "entered into the contract," without its "express knowledge" and was "not the subject of any bargaining" are without merit. Also meritless are its statements that "at no time during the negotiations and prior to signing the Agreement did Integra make CFG aware that a forum selection clause was in the contract." (Opp. at 4). "These omissions and concealments," it states, "were part and parcel" of its "allegations in the suit." *Id.* Because CFG had the contract in its possession for over a month, it was impossible for Integra to have concealed the forum selection clause from CFG.

A similar claim was made by the plaintiff in *Doe v. Network Solutions, LLC,* a case before this Court. In *Doe,* the plaintiff claimed that a contractual forum selection should not be enforced because the defendant did not "adequately apprise him of that the forum selection clause existed." 2008 U.S. Dist. LEXIS 7397, 14-15 (N.D. Cal. Jan. 22, 2008). The Court disagreed, pointing out "The fact that Plaintiff did not read the Service Agreement does not preclude the Court from enforcing it." *Id.* at 15 (citing *Operating Engineers Pension Trust v. Cecil Backhoe Serv., Inc.*, 795 F.2d 1501, 1505 (9th Cir. 1986) ("A party who signs a contract is bound by its terms regardless of whether he reads it or considers the legal consequences of signing it.")). As with the plaintiffs in *Doe,* CFG claims that Integra did not adequately apprise him that the forum selection clause existed or that he did not read the agreement does not preclude the Court from enforcing it.

Alleging that the contractual forum clause should not be enforced because CFG did not negotiate for the clause and there was unequal bargaining power does not preclude the Court from enforcing it. Although both of these claims are untrue as the contract was negotiated over a month and CFG's representatives during the negotiations included its president, and Integra's representative was a vice president, it is not a compelling argument because the 9th Circuit held in *Murphy v. Schneider Nat'l, Inc.*, that the plaintiff's **"**assertions reduce to a claim of power differential and non-negotiability. This evidence, even accepted as true for purposes of the *Rule 12(b)(3)* motion, is not enough to overcome the strong presumption in favor of enforcing forum selection clauses." 362 F.3d 1133, 1141 (9th Cir. 2004) (citing *Spradlin*, 926 F.2d at 868).

The forum selection clause should be enforced in this case as it was not the product of undue influence, fraud or overreaching.

### B. The Forum Selection Clause Should Be Enforced Because It Will Not Deprive CFG Of Its Day in Court.

A contractual forum selection clause should be enforced unless it will result in "such serious inconvenience in litigating in the selected forum as to deprive the party seeking to avoid enforcement of a meaningful day in court." *Spradlin* 926 F.2d 865 at 868 (citing *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc*., 741 F.2d 273, 280 (9th Cir. 1984)).

CFG argues in its Opposition that the Court should not enforce the forum selection clause because enforcing it will deny CFG of its "meaningful day in court." (Opp. at 6). As proof of this claim, CFG offers only the statement that requiring it to litigate in Tennessee would be "extremely inconvenient and cost prohibitive" and a declaration that "If CFG is forced to litigate this case in Tennessee, I expect the costs to be *astronomical*." *Id.* at 6; Perkins Decl. at 5 (emphasis added). In *Doe v. Network Solutions, LLC,* a case before this Court, the plaintiff, a resident of California who lived in the Bay area, made similar claims. The plaintiff claimed that enforcing a contract's Virginia forum selection clause would effectively deny him his day in court because "he has never been to Virginia, he lives and works in the Bay Area, his counsel is located in the Bay Area, and the costs of transporting '"everyone to Virginia for all hearings and trial are *astronomical*."' 2008 U.S. Dist. LEXIS 7397 at *15-16 (N.D. Cal. Jan. 22, 2008) (Citing Opp. at 8:7-12.) (emphasis added). Even though, remarkably, the plaintiff in the *Doe* case also faced "astronomical" costs, the Court was unsympathetic, declaring "Plaintiff must satisfy a "heavy burden" of showing that enforcement of the forum selection clause "will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Doe v. Network Solutions, LLC*, 2008 U.S. Dist. LEXIS 7397 at *16 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)). Plaintiff proffers no evidence in support of this argument. The Court finds that Plaintiff has failed to meet this burden." *Id.* at 15-16.

1    As with the Plaintiff in *Doe*, CFG has offered no evidence of financial hardship other than the statement that enforcing the forum selection clause will result in financial hardship. Although CFG claims in his Declaration that the "vast majority of percipient witnesses are in California," as with all CFG's other claims, it is decidedly vague and does not provide details or names of persons who make up this "vast majority." (Pl. Decl. at 2). Despite CFG's claims, many of the witnesses are located in Tennessee, and Integra does not have an office in California. (Decl. at 4). Unlike CFG, Integra has provided the names of six potential witnesses who all reside in Tennessee in its Declaration to the Court. (Decl. at 4).

In addition to failing to provide proof of its financial inability to litigate in Tennessee, CFG gravely misstates the law. In CFG's Opposition, it states "a party's financial ability to litigate its case in a far-flung and inconvenient forum is, by *itself*, grounds to refuse to enforce a forum selection clause." (Opp. at 7) (emphasis added) (citing *Murphy*, 362 F.2d at 1141-42). CFG cites the *Murphy* case as proof of this statement. But this is not what the *Murphy* court held. In *Murphy*, the plaintiff was indigent and physically handicapped. The *Murphy* court held that taken together, evidence of Murphy's indigence and physical handicap were potential grounds to not enforce a forum selection clause. Commenting on Murphy's indigence and physical handicap the court stated "*Together*, and taken as true, these assertions squarely present the question of whether the second Bremen exception should apply." *Murphy*, 362 F.3d 1133 at 1142 (emphasis added). Also in contradiction of CFG, this court stated in *Pratt v. Silversea Cruises, Ltd*, "*Murphy* and the weight of persuasive authority from this district and other jurisdictions suggest that neither severe physical limitation nor economic hardship alone is generally enough." 2005 U.S. Dist. LEXIS 14339 at *8 (N.D. Cal. 2005).

Unlike the case at bar, *Murphy* dealt with a poor, handicapped, individual and not an operating corporation. This Court addressed a much more analogous case in *Three Bros. Trucking, Inc. v. Exel Global Logistics, Inc*. In *Three Bros.*, the plaintiff, a

1  San Francisco corporation, contested the enforcement of contractual forum selection
2  clause requiring all litigation to take place in Texas.  The plaintiff claimed it was
3  financially unable to litigate in the Texas.  2006 U.S. Dist. LEXIS 33040 at *9-11
4  (N.D. Cal. May 16, 2006).  But unlike CFG, the plaintiff's declaration provided
5  specific reasons why he could not afford to litigate in Texas, citing logistical reasons
6  such as having his work force cut from ten trucks to one truck, and the fact that his
7  company's revenues had greatly diminished.  *Id.* at *10.  Even these details were not
8  enough and the Court commented that the plaintiff's "declaration does not provide any
9  detailed information, however, about the company's current annual revenues or profits
10  or any other meaningful financial data."  *Id.*  In commenting on whether proving
11  financial inability invalidated a forum selection clause, the court opined "cases where
12  courts have found the burden met involved a much greater hardship than Plaintiff
13  claims here and did not involve *only* a financial hardship."  *Id.* (emphasis added).  The
14  Court distinguished the plaintiff from the plaintiff in *Murphy,* by observing that
15  Murphy was a physically handicapped individual, not a corporation, and was living on
16  disability payments without any disposable income.  *Id.* (citing *Murphy*, 362 F.3d
17  1133 at 1142).  Moreover, the Court noted that the plaintiff's reliance on *Walker v.*
18  *Carnival Cruise Lines,* was unfounded as the plaintiffs in that case were severely
19  disabled with multiple sclerosis and were prevented from traveling to the forum state
20  by their disability.  *Id.* Ultimately, the Court ruled against the plaintiff and enforced
21  the forum selection clause declaring the plaintiff had not alleged a physical disability
22  that prevented him from traveling to the forum state, and that his argument that the
23  costs of litigating in Texas were higher was inadequate. As with the plaintiff in *Three*
24  *Brothers*, CFG has not alleged physical disability preventing it from traveling to
25  Tennessee and has provided no detail or proof of its financial inability to litigate in
26  Tennessee.
27        Grasping at straws, CFG claims in its opposition that litigating in the forum
28  identified in the selection clause, is "completely irrational" because "not even Integra

is located in Davidson County, Tennessee." (Opp. at 7). Assuming for the sake of argument, that there was such a thing as a "rational basis" test for forum selection clauses, CFG's claim would still fail. Davidson County adjoins Williamson County, Tennessee, where Integra's offices are located, and Nashville is in Davidson County, where the federal district court for Williamson County sits.  (Decl. at 4). *See* 28 U.S.C. § 123(b)(1). By specifying Davidson County as the venue, the parties preserved for themselves the right to litigate in federal court, which runs in CFG's favor since it would be the out-of-state party.  If the parties had selected Williamson County as the forum, CFG would not be able to litigate this case in federal court because there is no federal court in Williamson County.

CFG has failed to show that litigating in Tennessee would effectively deprive it of its day in court. Accordingly, the forum selection clause is valid and the case should be dismissed.

### C. The Forum Selection Clause Should Be Enforced Because It Is Not Against   Public Policy.

A court may repudiate a forum selection clause if enforcing the clause "would contravene a strong public policy of the forum in which the suit is brought." *Pratt*, 2005 U.S. Dist. LEXIS 14339 at *5 (N.D. Cal. 2005) (citing *Murphy*, 362 F.3d 1133 at 1140).

CFG claims the forum selection clause should not be enforced because such clauses are against California's public policy.  (Opp. at 8).  In support of its contention, CFG cites California cases and claims in "California contractual venue clauses are unenforceable" citing *Arntz Builders v. Superior Court*, as proof. *See Arntz Builders v. Superior Court,* 122 Cal.App.4th 1195, 19 Cal. Rptr. 3d 346 (2005)).

CFG fails to realize that when a federal court interprets a forum selection clause, federal law applies. As this Court pointed out in *Doe*, "Plaintiff argues that California state courts have refused to apply similar clauses because enforcement

- 9 - DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

1  would contravene public policy. However, this Court is bound to apply federal law to
2  determine whether or not the forum selection clause is enforceable." *Doe*, 2008 U.S.
3  Dist. LEXIS 7397 at *16-17 (citing Opp. at 8:25-9:8; *Manetti-Farrow v. Gucci
4  America, Inc.,* 858 F.2d 509, 513 (9th Cir. 1988)).

5       A strikingly similar argument was made in a case before the federal district
6  court for the Central District of California. In the case, *Fischer v. Zespri Fresh
7  Produce N. Am., Inc*., the plaintiff also argued that a contract's forum selection clause
8  should not be enforced and cited *Arntz Builders v. Superior Court,* as proof of that
9  enforcement of the clause would be against California's public policy. 2007 U.S. Dist.
10 LEXIS 60563 at *28. Countering the plaintiff's argument, the defendant argued that
11 the forum selection clause must be analyzed under federal law and not state law and
12 cited the 9th Circuit's *Manetti-Farrow v. Gucci America, Inc.* decision as proof of
13 their claim. *Id.* (*Manetti-Farrow v. Gucci America, Inc*., 858 F.2d 509, 513 (9th Cir.
14 1988)). The court agreed with the defendant's argument, holding that "federal
15 procedural issues raised by forum selection clauses significantly outweigh the state
16 interests, and the federal rule announced in *Bremen* controls enforcement of forum
17 clauses in diversity cases." The court also quoted from Justice Kennedy's
18 concurrence in *Manetti* that "Though state policies should be weighed in the balance,
19 the authority and prerogative of the federal courts to determine the issue … should be
20 exercised so that a valid forum selection clause is given controlling weight in all but
21 the most exceptional cases." *Id.* The court concluded by noting that because
22 "enforcement of a forum clause necessarily entails interpretation of the clause before
23 it can be enforced, federal law also applies to interpretation of forum selection
24 clauses," and ruled that "Under this authority, Plaintiffs' argument that the forum
25 selection clause is void for failing to comply with state law is meritless." *Id.* at 28-29.

26      Moreover, even if the issue in this motion were not controlled by federal law,
27 CFG's reliance upon the state law decision in *Arntz* is erroneous. CFG confuses the
28 venue selection clause, as discussed in *Arntz*, with a forum selection clause at issue in

this lawsuit. *Arntz* involved a venue selection clause where the contractual clause at issue purported to specify that any action arising out of the contract would be brought in Contra Costa county and the plaintiff in the matter expressly waived its right to remove the action to a neutral venue. *Id.* The court in *Arntz* discussed the difference between a venue selection clause and a forum selection clause. It stated that "forum is a place of jurisdiction, in contrast to venue, which is the place where the case will be heard and 'from which the jury will be selected.' *Id*, at 1201. The court went on to state that a "venue selection clause is purely an *intrastate* issue involving the selection of a county in which to hold trial. By contract, a forum selection clause usually chooses a court from among *different states or nations."  Id.*

In this case, the clause mandates that any action based on the contract be brought in the courts of applicable jurisdiction in Davidson County, Tennessee. As a result, it is clear that the clause at issue is a forum selection clause as opposed to a venue selection clause. Therefore, CFG's reliance on *Arntz* is wholly misplaced, even if state law controlled, which it does not.

Therefore, CFG's claim that the forum selection clause is against California public policy and its citation of *Arntz* is meritless. The forum selection clause should be enforced and CFG's case should be dismissed.

### III.    CONCLUSION.

For the reasons set forth above and its initial Memorandum of Law in support of its Motion to dismiss, Integra respectfully asks the Court to enforce the forum section clause and dismiss CFG's claims pursuant to *Rule 12(b)(3).*

| | |
|---|---|
| DATED: July 7, 2008 | |
| | KING & BALLOW |
| | |
| | /s/ Paul H. Duvall |
| | Paul H. Duvall (CA State Bar # 73699) |
| | 9404 Genesee Avenue; Suite 340 |
| | La Jolla, CA  92037-1355 |
| | Telephone:  858/597-6000 |
| | Facsimile:  858/597-6008 |
| | pduvall@kingballow.com |
| | *Attorney for Defendant* |

I, Heather Rock, declare:

1. I am over the age of 18 and not a party to the within cause. I am employed by King & Ballow in the County of Davidson, State of Tennessee. My business address is 315 Union Street; Suite 1100; Nashville, TN 37201.

2. On July 7, 2008, I served a true copy of the attached document entitled DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS by placing it in a sealed envelope with postage fully prepaid addressed as below and placed said envelope for collection and mailing on that date following ordinary business practices:

> Richard T. Bowles, Esq.
> Veronica O. Benigno, Esq.
> BOWLES & VERNA LLP
> 2121 N. California Boulevard, Suite 875
> Walnut Creek, CA 94596
> Telephone: 925/935-3300; Facsimile: 925/935-0371
> Attorneys for Plaintiff; WHOLESALE AMERICA MORTGAGE

3. I am familiar with King & Ballow's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Nashville, Tennessee.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and I declare under penalty of perjury that the foregoing is true and correct. Executed on July 7, 2008, at Nashville, TN.

/S/ Heather Rock
Heather Rock