IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHOLESALE AMERICA MORTGAGE, INC., <br><br>  Plaintiff, <br><br>  v. <br><br> INTEGRA SOFTWARE SYSTEMS, LLC, <br><br>  Defendant <br> _____/ | No. C-08-2720 MMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITHOUT PREJUDICE; VACATING HEARING** |

    Before the Court is defendant Integra Software Systems, LLC's motion to dismiss, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, filed June 5, 2008. Plaintiff Wholesale America Mortgage, Inc. has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for July 18, 2008, and rules as follows.

    In its complaint, plaintiff alleges defendant breached a written agreement and made misrepresentations to plaintiff regarding how defendant would perform its duties under the agreement. The agreement contains the following forum selection clause, which is found in the paragraph immediately preceding the parties' signatures: "Any cause or action arising out of or related to this Agreement, including an action to confirm or challenge an arbitration

1  award, may only be brought in the courts of applicable jurisdiction in Davidson County, TN
2  at King & Ballow in Nashville, and the parties hereby submit to the jurisidiction and venue of
3  such courts." (See Compl. Ex. 1 ¶ 19.19.)[1]  Because the instant claims arise out of and/or
4  relate to the parties' agreement, the instant complaint may "only" be filed in a court in
5  Davidson County, Tennessee, unless plaintiff can meet its "heavy burden" to show
6  enforcement of the clause would be "unreasonable and unjust" or that the clause is
7  "invalid."  See Murphy v. Schneider National, Inc., 362 F. 3d 1133, 1140 (9th Cir. 2004).

8  As set forth below, the Court finds plaintiff has failed to meet its burden to show the
9  forum selection clause should not be enforced.  Specifically, as defendant points out,
10 plaintiff has failed to show (1) "inclusion of the clause in the agreement was the product of
11 fraud or overreaching," (2) plaintiff "would effectively be deprived of [its] day in court were
12 the clause enforced," or (3) enforcement "would contravene a strong public policy of the
13 forum in which suit is brought."  See id. (internal quotations and citation omitted).

14 First, plaintiff's evidence that the forum selection clause was "neither negotiated nor
15 discussed," (see Perkins Decl. ¶ 3), does not suffice to support a finding of fraud or
16 overreaching.  See Murphy, 362 F. 3d at 1141 (holding evidence plaintiff had no "formal
17 education" beyond tenth grade, and/or was advised employment contract was "not
18 negotiable," insufficient to overcome "strong presumption in favor of enforcing forum
19 selection clauses"); Cohen v. Wedbush, Noble, Cooke, Inc., 841 F. 2d 282, 287 (9th Cir.
20 1988) ("We see no unfairness in expecting parties to read contracts before they sign
21 them."), overruled on other grounds, Ticknor v. Choice Hotels Int'l, Inc., 265 F. 3d 931, 941-
22 42 (9th Cir. 2001).  Plaintiff's reliance on the allegations in its complaint, that defendant
23 fraudulently induced plaintiff to enter the contract, (see Compl. ¶¶ 35, 36), likewise is
24 unavailing.  See Richards v. Lloyd's of London, 135 F. 3d 1289, 1297 (9th Cir. 1998)

---

[1] Defendant argues that inclusion in the clause of the phrase "at King & Ballow," a reference to defendant's counsel and an apparent typographical error, is superfluous and has no effect on the meaning of the provision.  The Court agrees.  Plaintiff's argument that the parties, by such phrase, agreed to a factual impossibility, i.e., that any claim arising out of the agreement must be filed with defendant's law firm rather than with a court, is unpersuasive.

(holding plaintiff's assertion it was "duped into signing the contract" insufficient to avoid enforcement of forum selection clause; rather, plaintiff must establish inclusion of forum selection clause was product of fraud).

Next, as defendant correctly observes, plaintiff has failed to offer sufficient evidence to support a finding that plaintiff would "effectively be deprived of [its] day in court were the clause enforced." See Murphy, 362 F. 3d at 1140.  Plaintiff's conclusory assertions that "witnesses are located in California" and that it "expects" its costs will be "astronomical" and "prohibitive" if the clause is enforced, (see Perkins Decl. ¶ 5), are not sufficient to support such a finding.  See Spradlin v. Lear Siegler Management Services Co., 926 F. 2d 865, 869 (1991) (holding plaintiff failed to show enforcement would be unreasonable by reason of inconvenience, where plaintiff failed to make "specific allegations as to travel costs, availability of counsel in [the selected forum], location of witnesses, or [its] financial ability to bear such costs and inconvenience") (emphasis added).[2]

Finally, as defendant notes, plaintiff fails to cite any authority to support a finding that enforcement of the instant clause would contravene "a strong public policy" of California.  See Murphy, 362 F. 3d at 1140.  Plaintiff's reliance on Arntz Builders v. Superior Court, 122 Cal. App. 4th 1195 (2004), is unavailing.  The court in Arntz found unenforceable a "venue selection clause" by which the plaintiff, who had entered into a contract with a county, purported to "waive" the protections of a statute giving those sued by a county the right to have the matter moved to another county.  See id. at 1199.  In so ruling, the court in Arntz distinguished between "venue selection clauses" and "forum selection clauses," finding forum selection clauses do not implicate the public policy concern presented by the venue selection clause at issue therein:

//

---

[2] With its reply, defendant submits a declaration in which defendant's Senior Vice President identifies six witnesses located in Tennessee who, defendant anticipates, will offer testimony relevant to plaintiff's claims.  (See Bartek Decl. ¶ 8.)  Because, as discussed above, plaintiff's showing is insufficient, the burden has not shifted to defendant, and, accordingly, the Court has not relied on such declaration in ruling on the instant motion.

3

> Under state law[,] a venue selection clause is purely an intrastate issue involving the selection of a county in which to hold the trial. By contrast, a forum selection clause usually chooses a court from among different states or nations. . . . [V]enue selection clauses disrupt the Legislature's statutory venue scheme. By contrast, forum selection clauses . . . violate no such carefully conceived statutory patterns.

See id. at 1201 (internal quotations and citation omitted). Indeed, under California law, forum selection clauses are enforceable, absent a "showing that enforcement of such a clause would be unreasonable." See Smith, Valentino & Smith, Inc. v. Superior Court, 17 Cal. 3d 491, 496 (1976). As discussed above, plaintiff has failed to show enforcement of the instant forum selection clause would be unreasonable.

Accordingly, the motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED, without prejudice to plaintiff's refiling the complaint in the parties' selected forum, specifically, a court in Davidson County, Tennessee.

**IT IS SO ORDERED.**

Dated: July 14, 2008

_____
MAXINE M. CHESNEY
United States District Judge